IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01380-BNB

KEITH BODNER,

    Plaintiff,

v.

PHYLLIS MONDRAGON, Individually,
KRISTA DANN, Individually, and
STATE OF COLORADO DEPARTMENT OF HUMAN SERVICES, DIVISION OF
    VOCATIONAL REHABILITATION,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Keith Bodner, has filed *pro se* a Verified Complaint for Injunctive and Declaratory Relief (ECF No. 1). The court must construe the complaint liberally because Mr. Bodner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Bodner will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the complaint and finds that the complaint is deficient. For one thing, Mr. Bodner has not used the court-approved Complaint form as required by the court's local rules. *See* D.C.COLO.LCivR 8.1A. In addition, Mr. Bodner fails to provide an address for any of the named Defendants. Mr. Bodner must provide an address for each named Defendant so that each Defendant can be properly served.

The complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Bodner fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, Mr. Bodner fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action against each of the Defendants.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests

upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Construing the complaint liberally, it appears that Mr. Bodner is asserting claims pursuant to the Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  However, relief under the Rehabilitation Act is not available against persons in their individual capacities.  *See Montez v. Romer*, 32 F. Supp.2d 1235, 1240-41 (D. Colo. 1999). Therefore, even assuming Mr. Bodner is asserting a Rehabilitation Act claim against the State of Colorado Department of Human Services Division of Vocational Rehabilitation, it is not clear what claims Mr. Bodner is asserting against Defendants Phyllis Mondragon and Krista Dann or what statutory authority allows the court to consider his claims against those individual Defendants.  If Mr. Bodner intends to assert any claims against these individual Defendants, he must identify the statutory authority that provides jurisdiction over such claims in his amended complaint.

Mr. Bodner also fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Once again, with respect to the individual Defendants, it is not clear what claim or claims Mr. Bodner is asserting against them because he may not assert claims under the Rehabilitation Act against the individual Defendants.  Mr. Bodner also fails to allege specific facts that establish the existence of a prima facie Rehabilitation Act claim against the State of Colorado Department of Human Services Division of Vocational Rehabilitation.  *See Barber ex rel. Barber v. Colo. Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (describing elements of prima facie case under Section 504 of the Rehabilitation Act).  In particular, although the court construes the complaint liberally as including allegations that Mr. Bodner is disabled and qualified

to participate in a program that receives federal funding, he fails to allege facts that demonstrate the program discriminates against him on the basis of his disability.

Therefore, Mr. Bodner will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. Mr. Bodner is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Bodner file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Mr. Bodner shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Bodner fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED May 31, 2012, at Denver, Colorado.

BY THE COURT:

                                                s/ Boyd N. Boland  
                                                United States Magistrate Judge