IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01380-BNB

KEITH BODNER,

    Plaintiff,

v.

PHYLLIS MONDRAGON, Individually,
KRISTA DANN, Individually, and
STATE OF COLORADO DEPARTMENT OF HUMAN SERVICES, DIVISION OF
    VOCATIONAL REHABILITATION,

    Defendants.

ORDER

This matter is before the Court on the Motion and Memorandum for TRO (ECF No. 4) filed by Plaintiff, Keith Bodner.  Mr. Bodner initiated this action by filing *pro se* a Verified Complaint for Injunctive and Declaratory Relief (ECF No. 1) in which he apparently asserts a claim or claims under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  On May 31, 2012, Magistrate Judge Boyd N. Boland entered an order (ECF No. 6) directing Mr. Bodner to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  In the Motion and Memorandum for TRO, Mr. Bodner asks the Court to issue a temporary restraining order directing the Colorado Department of Human Services Division of Vocational Rehabilitation "to cease denying me access to the program and immediately follow and implement all agreed upon actions in my Plan for Rehabilitation, pending a full hearing on these matters before this Court."  (ECF No. 4 at 12.)

The Court must construe the motion liberally because Mr. Bodner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

The Federal Rules of Civil Procedure provide as follows with respect to issuance of a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court finds that Mr. Bodner is not entitled to issuance of a temporary restraining order. Most importantly, Mr. Bodner has not filed a pleading in this action that provides a short and plain statement of the specific claims for relief he intends to pursue. As a result, Mr. Alexander fails to demonstrate he will suffer immediate and irreparable injury before Defendants can be heard in opposition. Therefore, the motion for a temporary restraining order will be denied. Accordingly, it is

ORDERED that the Motion and Memorandum for TRO (ECF No. 4) filed on May 25, 2012, is denied.

DATED at Denver, Colorado, this   5th   day of      June      , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court